10-721-cv
Skinner v. Chapman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand eleven.

PRESENT:
>           AMALYA L. KEARSE,
>           ROBERT D. SACK,
>           ROBERT A. KATZMANN,
>                 *Circuit Judges*.

─────────────────────────────────────────────

David M. Skinner,

>           *Plaintiff-Appellant*,

>                 v.                                          10-721-cv

Mark Chapman, Debra Breese,

>           *Defendants-Appellees*,

Thomas Recktenwald, Joan Merry, John Tunney, Town of Wayland, County of Steuben, Village of Wayland,

>           *Defendants*.

─────────────────────────────────────────────

FOR APPELLANT:            David M. Skinner, *pro se*, Rochester, N.Y.

FOR APPELLEES:            Joseph B. Rizzo and Anthony M. Sortino, Gallo & Iacovangelo,
                         LLP, Rochester, N.Y.; Thomas J. Higgs, Murphy, Burns, Barber &
                         Murphy, LLP, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant David M. Skinner, proceeding *pro se*, appeals the district court's judgment granting the summary judgment motions of Defendant-Appellees Mark Chapman and Debra Breese. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

2

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. We have considered Skinner's arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk